**BRYAN CAVE LLP**
Jed P. White (SBN 232339)
Nancy Franco (SBN 294856)
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
E-Mail:       jed.white@bryancave.com
              nancy.franco@bryancave.com

Attorneys for Defendant
Bank of America, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEWIENESHET ZEWDE,<br><br>          Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA, N.A.; and<br>DOES 1 – 10, inclusive,<br><br>         Defendants. | Case No. CV 14-06363-GHK (JPRx)<br><br>Honorable George H. King<br>**BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice and [Proposed] Order.]<br><br>Date:    November 17, 2014<br>Time:   9:30 a.m.<br>Place:  Courtroom 650<br>          255 East Temple Street<br>          Los Angeles, CA 90012-3332<br><br>Complaint Filed: July 14, 2014<br>Trial Date: None Set |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386

SM01DOCS\1053851.8

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 17, 2014, at 9:30 a.m., in courtroom 650, before the Honorable George H. King of the United States District Court for the Central District of California, Western Division, located at 255 East Temple Street, Los Angeles, California 90012, Defendant Bank of America, N.A. ("BANA") will, and hereby does, move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the Complaint of Plaintiff Yewieneshet Zewde ("Plaintiff") for failure to state a claim upon which relief can be granted.

The Motion is made on the grounds that each of Plaintiff's claims fail because Plaintiff fails to allege the required elements of each cause of action and fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and papers on file in this action, and such other matters as the Court may consider.

## COMPLIANCE WITH L.R. 7-3.

**This motion is made following conferences between counsel pursuant to L.R. 7-3.** Pursuant to Local Rule 7-3, the parties met and conferred. However, the parties were unable to reach a resolution that would preclude the necessity of filing this Motion.

Dated: September 26, 2014

**BRYAN CAVE LLP**

By: */s/ Nancy Franco*
Nancy Franco
Attorneys for Defendant
Bank of America, N.A.

SM01DOCS\1053851.8

1

BANK OF AMERICA N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION...................................................................................1

II.  FACTUAL BACKGROUND. .........................................................1

III. LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS...........2

IV.  PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST BANA. .................3

    A.   Plaintiff Lacks Standing To Bring A Claim Under The Fair Credit Reporting Act Because The Act Does Not Provide A Private Right of Action And The Narrow Exception Is Inapplicable. .................................................................................3

        1.   There is no private right of action under the FCRA.................3

        2.   The duty to investigate was never triggered..............................3

    B.   Plaintiff's Common Law Claims Are Preempted By The Fair Credit Reporting Act..........................................................................5

    C.   In Addition To Being Preempted By The FCRA, Plaintiff's Common Law Claims Fail For The Independent Reasons Set Forth Below..........................................................................................7

        1.   Plaintiff Fails To Satisfy The Elements of An Invasion of Privacy Cause of Action. ...................................................7

        2.   Plaintiff Fails To State A Claim For Libel Because She Fails To Establish Malice And Any Communications Between BANA And Credit Reporting Agencies Are Subject To The Common Interest Privilege. .......................9

            a.   Plaintiff Fails To Establish Malice As Required To Overcome Preemption............................................9

            b.   Communications Between BANA and Credit Reporting Agencies Are Subject To The Common Interest Privilege........................................10

        3.   Plaintiff Fails To State A Claim For Negligent Infliction of Emotional Distress. ......................................................12

        4.   Plaintiff's Conclusory Allegations Fail To State A Claim For Intentional Infliction of Emotional Distress. ...................12

        5.   Plaintiff's Negligence Claim Fails Because BANA Does Not Owe Plaintiff A Duty...........................................................13

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

6.  The complaint lacks factual and legal support for a claim of negligent hiring, retention, and supervision against BANA. ...................................................................................... 15

7.  Plaintiff Fails To State A Claim For Breach of The Covenant of Good Faith And Fair Dealing. ............................ 16

D.  Plaintiff Lacks Standing To Bring A Claim Under Civil Code Section 1785.1 ................................................................. 18

E.  Plaintiff's Fair Debt Collection Practices Act Claim Is Time Barred And Plaintiff Fails To State A Claim ...................... 19

V.  PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES FAILS. .............. 20

VI.  PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES FAILS ................. 21

VII.  THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE BECAUSE LEAVE TO AMEND WOULD BE FUTILE. .... 21

VIII.  CONCLUSION. .......................................................................... 22

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

<u>**Cases**</u>

4

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ..............................................passim

5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................2

6

*Berger v. Home Depot U.S.A., Inc.*,
  476 F. Supp. 2d 1174 (2007) .............................................................17

7

*Branch v. Homefed Bank*,
  6 Cal.App.4th 793, 8 Cal.Rptr.2d 182 (1992) ........................................12

8

*Bundren v. Superior Court*,
  145 Cal. App. 3d 784, 193 Cal. Rptr. 671 (Ct. App. 1983) .........................7

9

*Castaneda v. Saxon Mortgage Servs., Inc.*
  687 F. Supp. 2d 1191 (2009) ........................................................14, 19

10

*Castellanos v. JPMorgan Chase & Co.*,
  2009 WL 1833981 (S.D. Cal. June 23, 2009) ..........................................8

11

*Davis v. Maryland Bank*,
  2002 WL 32713429 (N.D. Cal. June 19, 2002) ........................6, 12, 13, 21

12

*Doe v. Capital Cities*,
  50 Cal.App.4th 1038, 58 Cal.Rptr.2d 122 (1996) ...................................15

13

*Duenas v. Ocwen Loan Servicing, LLC*,
  2014 WL 4627203 (E.D. Cal. Sept. 16, 2014) .........................11, 16, 17

14

*Edwards v. Centex Real Estate Corp.*,
  53 Cal.App.4th 15, 61 Cal.Rptr.2d 518 (2007) .....................................11

15

*Ess v. Eskaton Properties, Inc.*,
  97 Cal. App. 4th 120, 118 Cal. Rptr. 2d 240 (2002) ...............................13

16

*Feller v. First Interstate Bancsystem, Inc.*,
  2013 MT 90, 369 Mont. 444, 299 P.3d 338 ........................................5, 6

17

*Gardner v. Martino*,
  563 F.3d 981 (9th Cir. 2009) ..............................................................3

18

*Gorman v. Wolpoff & Abramson*, LLP,
  584 F.3d 1147 (9th Cir. 2009) ...................................................4, 9, 10

19

*Grieves v. Superior Court*,
  157 Cal. App. 3d 159 (1984) ..............................................................20

20

*Hardy v. Indymac Federal Bank*,
  263 F.R.D. 586 (2009) .....................................................................14

21

*In re Stac Electronics Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) ...............................................................2

22

*Ines v. Countrywide Home Loans, Inc.*,
  2008 WL 4791863 (S.D. Cal. Nov. 3, 2008).........................................19

23

24

25

26

27

28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*Lafferty v. Wells Fargo Bank*,
213 Cal. App. 4th 545, 153 Cal. Rptr. 3d 240 (2013), *as modified on denial of reh'g* (Feb. 27, 2013) .................................................................... 5

*Lundquist v. Reusser*,
7 Cal.4th 1193, 31 Cal.Rptr.2d 776, 875 P.2d 1279 (1994) ..................... 11

*Miller v. Bank of Am., Nat. Ass'n*,
858 F. Supp. 2d 1118 (S.D. Cal. 2012) ...................................... 3, 18, 22

*Mitsui Mfrs. Bank v. Superior Court*,
212 Cal.App.3d 726, 260 Cal. Rptr. 793 (1989) ................................ 17

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ............................................................ 2

*Nelson v. Chase Manhattan Mortgage Corp.*,
282 F.3d 1057 (9th Cir. 2002) .......................................................... 4

*Nelson v. Equifax Info. Servs., LLC*,
522 F. Supp. 2d 1222 (C.D. Cal. 2007) ..................................... 3, 4, 19

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
231 Cal. App. 3d 1089 (1991) ........................................................ 14

*Pasadena Live, LLC v. City of Pasadena*,
114 Cal. App. 4th 1089 (2004) ....................................................... 17

*Pension Trust Fund v. Federal Ins. Co.*,
307 F.3d 944 (9th Cir. 2002) .......................................................... 17

*Pham v. Bank of Am., N.A.*,
2010 WL 3184263 (N.D. Cal. Aug. 11, 2010) .................................... 9

*Phillips v. TLC Plumbing, Inc.*,
172 Cal. App. 4th 1133, 91 Cal. Rptr. 3d 864 (2009) .............. 14, 15, 16

*Pittman v. Barclays Capital Real Estate, Inc.*,
2009 WL 1108889 (S.D. Cal. Apr. 24, 2009) .................................... 19

*Plastino v. Wells Fargo Bank*,
873 F.Supp.2d 1179 (N.D. Cal. 2012) ............................................. 17

*Pulver v. Avco Fin. Servs.*,
182 Cal. App. 3d 622, 227 Cal. Rptr. 491 (Ct. App. 1986) ................ 18

*Reddy v. Litton Indus.*,
912 F.2d 291 (9th Cir. 1990) ............................................................ 3

*Rosales v. City of Los Angeles*,
82 Cal. App. 4th 419, 98 Cal. Rptr. 2d 144 (2000) ............................. 7

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
732 F.Supp.2d 952 (N.D. Cal. 2010) ............................................... 16

*Roybal v. Equifax*,
405 F. Supp. 2d 1177 (E.D. Cal. 2005) ........................................... 4, 5

*Sheehan v. San Francisco 49ers, LTD.*,
62 Cal. Rptr. 3d 803 (2007) ............................................................. 8

*Shulman v. Grp. W Prods.*, Inc.,
18 Cal. 4th 200, 955 P.2d 469 (1998) ............................................... 7

*Smith v. Capital One Financial Corp.*,
2012 WL 1669347 (N.D. Cal. May 11, 2012) .................................... 8

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

*Smith v. Maldonado*,
 72 Cal.App.4th 637, 85 Cal.Rptr.2d 397 (1999) .......................................9

*Smith v. Superior Court*,
 10 Cal. App. 4th 1033 (1992)...................................................................20

*Tsien v. Wells Fargo Home Mortgage*,
 2010 WL 2198290 (N.D. Cal. May 28, 2010) ........................................14

*Uyeda v. J.A. Cambece Law Office, P.C.*,
 2005 WL 1168421 (N.D. Cal. May 16, 2005) ........................................19

*Vasquez v. Los Angeles Cnty.*,
 487 F.3d 1246 (9th Cir. 2007) .................................................................21

*Wagner v. Benson*,
 101 Cal. App. 3d 27 (1980) .....................................................................14

*Woods v. Prot. One Alarm Monitoring, Inc.*,
 628 F. Supp. 2d 1173 (E.D. Cal. 2007) .............................................passim

**Statutes**

15 U.S.C. § 1681h(e) .....................................................................................9

15 U.S.C. § 1681s–2(b)(1).............................................................................4

15 U.S.C. § 1681s-2(c) ..................................................................................3

15 U.S.C. § 1681s-2(d) ..................................................................................3

15 U.S.C. § 1692k(d)....................................................................................19

Cal. Civ. Code § 1785.1.......................................................................1, 2, 18

Cal. Civ. Code § 1785.1(d) ..........................................................................18

Cal. Civ. Code § 1788 ....................................................................................2

Cal. Civ. Code § 3294(b)..............................................................................20

Cal. Civ. Code § 45 ........................................................................................9

Cal. Civ. Code § 47(c) ..................................................................................10

Cal. Code Civ. Proc. § 1021 .........................................................................21

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................2

Fed. R. Civ. P. 8.............................................................................................2

Fed. R. Civ. P. 8(a)(2)....................................................................................2

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION.**

The ten causes of action asserted by Plaintiff Yewieneshet Zewde ("Plaintiff") against Defendant Bank of America, N.A. ("BANA") are premised on BANA's alleged inaccurate reporting of a delinquent account to the credit reporting agencies ("CRAs"). However, Plaintiff lacks standing to bring a claim under the Fair Credit Reporting Act ("FCRA") because the FCRA does not provide a private right of action and the narrow exception to that rule is inapplicable here. In addition, Plaintiff's claims for invasion of privacy; libel; negligent infliction of emotional distress; intentional infliction of emotional distress; negligence; negligent hiring, retention, and supervision; and breach of the covenant of good faith and fair dealing fail because they are preempted by the FCRA. Moreover, Plaintiff's cause of action under the Consumer Credit Reporting Agencies Act fails because there is no private right of action against furnishers of information to CRAs under section 1785.1 *et seq.* Furthermore, Plaintiff's claim pursuant to the Fair Debt Collection Practices Act fails because it is barred by the statute of limitations.

Therefore, Plaintiff's complaint fails to state a claim and BANA respectfully requests that the Court grant its motion to dismiss, in its entirety, without leave to amend.

**II. FACTUAL BACKGROUND.**

On or about April 7, 2010, Plaintiff obtained a $340,000 loan ("First Loan") from lender Broadway Mortgage Corporation, secured by a Deed of Trust. Request For Judicial Notice ("RJN"), Exhibit A. In addition, on or about April 7, 2010, Plaintiff obtained a second loan in the amount of $72,250 from lender Broadway Mortgage Corporation ("Second Loan"). RJN, Exhibit B.

Plaintiff filed the instant action against BANA, on July 14, 2014. Plaintiff's complaint is premised on the alleged inaccurate reporting of information by BANA to CRAs, regarding Plaintiff's Second Loan. *See* Complaint, ¶¶ 9, 10, 20, 25, 26,

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

31, 32, 35, 40, 41, 47, 49, 50, 54, 55, 57, 63, 64.  Plaintiff alleges that although she is current on her loans [Complaint, ¶ 6], BANA allegedly "made a derogatory report regarding Loan 2 to the credit reporting agencies."  Complaint, ¶ 9.  Plaintiff further alleges that she contacted BANA to correct the alleged error, but BANA failed to correct the error.  Complaint, ¶¶ 11-14.  The Complaint sets forth causes of action for (1) violation of the FCRA; (2) invasion of privacy; (3) libel; (4) violation of Civil Code § 1785.1; (5) violation of Civil Code § 1788; (6) negligent infliction of emotional distress; (7) intentional infliction of emotional distress; (8) negligence; (9) negligent hiring, retention, and supervision; and (10) breach of the covenant of good faith and fair dealing.

Due to the federal questions presented by the complaint, BANA removed the cause to this Court on August 13, 2014.  Docket Entry 1.

## III.   <u>LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS.</u>

A complaint shall be dismissed when it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "A Rule 12(b)(6) motion tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To withstand a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citations omitted).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\1053851.8

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

1  motion to dismiss.  *Iqbal*, 556 U.S. at 678.

2      "[A] court may grant a motion to dismiss and dismiss the claim with prejudice

3  where amendment would be futile."  *Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp.

4  2d 1118, 1122 (S.D. Cal. 2012) (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296

5  (9th Cir. 1990).); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009)

6  ("When a proposed amendment would be futile, there is no need to prolong the

7  litigation by permitting further amendment.").

8  **IV.   PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT**

9      **TO CONSTITUTE A CAUSE OF ACTION AGAINST BANA.**

10      For the reasons set forth below, Plaintiff's ten causes of action fail to state a

11  claim against BANA and the complaint should be dismissed with prejudice.

12      **A.   Plaintiff Lacks Standing To Bring A Claim Under The Fair Credit**

13          **Reporting Act Because The Act Does Not Provide A Private Right**

14          **of Action And The Narrow Exception Is Inapplicable.**

15      There is no private right of action under the FCRA.  While there is a limited

16  exception to that general rule, that exception is inapplicable here.  Therefore,

17  Plaintiff lacks standing to bring a claim under the FCRA and the Court should

18  dismiss the claim with prejudice.

19          **1.   There is no private right of action under the FCRA.**

20      The complaint fails to state a claim under the FCRA because there is no

21  private right of action for allegedly reporting inaccurate information to CRAs.  *See*

22  15 U.S.C. § 1681s-2(c), (d); *see also Nelson v. Equifax Info. Servs., LLC*, 522 F.

23  Supp. 2d 1222, 1230 (C.D. Cal. 2007).  Rather, "enforcement. . . is limited to federal

24  agencies and officials and state officials."  *Id.*  As the FCRA does not afford

25  Plaintiff a private right of action to pursue her claim, Plaintiff lacks standing and her

26  claim should be dismissed.

27          **2.   The duty to investigate was never triggered.**

28      There is a narrow exception to the general rule cited above, but it is

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   unavailable to Plaintiff because the duty imposed by the FCRA on furnishers of

2   information to CRAs was never triggered.

3        The FCRA "imposes a duty of reinvestigation on furnishers of information to

4   CRAs. . . when a furnisher receives notice of a dispute regarding the accuracy of

5   information they provided to a CRA." *Nelson,* 522 F. Supp. 2d at 1231 (citing 15

6   U.S.C. § 1681s–2(b)(1)).  However, "The Ninth Circuit has specifically held that the

7   furnisher's Section 1681s–2(b) duty to investigate is triggered only after the

8   consumer notifies the CRA, and the CRA then notifies the furnisher of credit." *Id.*

9   In other words, the duty to investigate only exists if the "consumer notifies the

10  CRAs in the first instance"; the CRAs "investigate whether the claim is frivolous or

11  irrelevant"; and the CRAs then "contact the furnisher of the credit information

12  which affords an opportunity to investigate and rectify erroneous reports." *Roybal*

13  *v. Equifax*, 405 F. Supp. 2d 1177, 1179-80 (E.D. Cal. 2005) (citations omitted).

14  "The furnisher's duty to investigate, however, does not arise unless it receives notice

15  of the dispute from the CRAs directly." *Id.* at 1180.  "Bypassing the filter and

16  contacting the furnisher of credit information directly does not actuate the

17  furnisher's obligation to investigate nor does it give rise to a private right of action."

18  *Id.*  **"[N]otice of a dispute received directly from the consumer does not trigger**

19  **furnishers' duties" to investigate.**  *Gorman v. Wolpoff & Abramson*, *LLP*, 584

20  F.3d 1147, 1154 (9th Cir. 2009) (emphasis added).  "Congress did not want

21  furnishers of credit information exposed to suit by any and every consumer

22  dissatisfied with the credit information furnished." *Nelson v. Chase Manhattan*

23  *Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

24       The narrow exception to the rule providing a private right of action under the

25  FCRA is inapplicable here because no such duty to investigate was imposed on

26  BANA.  The complaint fails to allege that the duty to investigate was ever triggered

27  because neither Plaintiff notified the CRAs of the dispute, nor did the CRAs notify

28  BANA of the dispute.  *See Nelson*, 522 F. Supp. 2d at 1231.  Even if accepted as

SM01DOCS\1053851.8

4

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   true, Plaintiff's allegations that a third party, Cashcall, "informed [Plaintiff] that

2   [BANA] had made a derogatory report regarding Loan 2 to the credit reporting

3   agencies" [Complaint, ¶ 9] and that Plaintiff allegedly contacted BANA to correct

4   the information allegedly furnished to the CRAs [Complaint, ¶ 14] are insufficient

5   to trigger any duty for BANA to investigate.  Plaintiff failed to allege or present

6   evidence warranting an inference that Plaintiff notified the CRAs, that the CRAs

7   investigated the claims, and that the CRAs contacted BANA.  *See Woods v. Prot.*

8   *One Alarm Monitoring, Inc.*, 628 F. Supp. 2d 1173, 1185 (E.D. Cal. 2007).  Merely

9   contacting BANA, as alleged throughout the complaint, is insufficient to impose a

10  duty on BANA.  *See* Complaint, ¶¶ 11-14.

11         Thus, Plaintiff fails to meet the statutory requirements for pursuing a private

12  right of action under the FCRA and Plaintiff's claim should be dismissed.

13         **B.**      **Plaintiff's Common Law Claims Are Preempted By The Fair**

14                  **Credit Reporting Act.**

15         Plaintiff's claims for invasion of privacy; libel; negligent infliction of

16  emotional distress; intentional infliction of emotional distress; negligence; negligent

17  hiring, retention, and supervision; and breach of the covenant of good faith and fair

18  dealing are preempted by the FCRA because they are premised on the alleged

19  inaccurate reporting of information to the CRAs.

20         "On its face, the FCRA precludes all state statutory or common law causes of

21  action that would impose any 'requirement or prohibition' on the furnishers of credit

22  information." *Roybal*, 405 F. Supp. 2d at 1181.  "[A]llegations stemming from the

23  Bank's duties as a furnisher of credit information to accurately report information

24  and take action when notified of a dispute are preempted by the FCRA." *Feller v.*

25  *First Interstate Bancsystem, Inc.*, 2013 MT 90, 369 Mont. 444, 449, 299 P.3d 338,

26  342. "The FCRA. . . preempts all state common law tort claims." *Lafferty v. Wells*

27  *Fargo Bank*, 213 Cal. App. 4th 545, 568-69, 153 Cal. Rptr. 3d 240, 256-57 (2013),

28  *as modified on denial of reh'g* (Feb. 27, 2013) (holding that plaintiffs' allegations

1   "that Wells Fargo 'falsely reported to various credit rating agencies that the

2   plaintiffs had defaulted in their obligations,' were "precisely the sort of claim that is

3   preempted by the FCRA.") (citation omitted).  "Most of the district courts in the

4   Ninth Circuit have held that the FCRA preempts state statutory and common law

5   causes of action which fall within the conduct proscribed under § 1681s-2." *Woods*,

6   628 F. Supp. 2d at 1183-84 (citations omitted); *see also Davis v. Maryland Bank*,

7   2002 WL 32713429, *12 (N.D. Cal. June 19, 2002) ("conduct which falls within

8   sections 1681s–2(1)(a)–(b) is preempted").

9           In *Feller v. First Interstate Bancsystem, Inc.*, *supra*, the plaintiff alleged that

10   "because the Bank released credit information relating to her loans with the Bank. . .

11   her credit was damaged and she was unable to secure additional loans." *Id*.  In that

12   case, the appellate court affirmed the grant of summary judgment to the defendant

13   bank because the plaintiff's claims "all stem[med] from her contention that the Bank

14   failed to accurately report information to credit reporting agencies and that as a

15   result, [plaintiff's] credit was damaged. . . [and] the damages alleged. . . [were]

16   directly related to [plaintiff's] credit reputation and related repercussions." *Id*. at

17   342.

18           Similarly, here, Plaintiff's claims and alleged damages are directly related to

19   BANA's alleged inaccurate reporting to CRAs and the alleged effect of that on

20   Plaintiff's credit.  *See* Complaint, ¶¶ 9, 10, 20, 25, 26, 31, 32, 35, 40, 41, 47, 49, 50,

21   54, 55, 57, 63, 64.  Plaintiff alleges BANA "published, distributed and circulated to

22   third parties. . . Trans Union Corporation and Experian" [Complaint, ¶ 35] that

23   "Plaintiff was delinquent in her loan payments" [Complaint, ¶ 31].  Plaintiff further

24   alleges that BANA "unfairly interfered with Plaintiff's right to receive benefits of

25   Plaintiff's timely payments by intentionally and/or recklessly reporting a negative

26   credit report of default on a loan that was dormant."  Complaint, ¶ 63.  As such,

27   Plaintiff's claims and alleged damages are preempted by the FCRA.

28           Therefore, the Court should dismiss Plaintiff's common law causes of action

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, Cali for nia 90401-2386

1  for invasion of privacy; libel; negligent infliction of emotional distress; intentional

2  infliction of emotional distress; negligence; negligent hiring, retention, and

3  supervision; and breach of the covenant of good faith and fair dealing, with

4  prejudice.

5  **C.**    **In Addition To Being Preempted By The FCRA, Plaintiff's**

6       **Common Law Claims Fail For The Independent Reasons Set Forth**

7       **Below.**

8       **1.**    **Plaintiff Fails To Satisfy The Elements of An Invasion of**

9         **Privacy Cause of Action.**

10       As explained above, Plaintiff's cause of action for invasion of privacy is

11  preempted by the FCRA. Plaintiff's claim should be dismissed for the additional

12  reason that it fails to allege facts to state a claim.

13       To state a claim for invasion of privacy, the plaintiff "must establish (1) a

14  legally protected privacy interest, (2) a reasonable expectation of privacy in the

15  records, (3) a serious invasion of the privacy interest, and (4) damages caused by the

16  invasion of the privacy interest." *Rosales v. City of Los Angeles*, 82 Cal. App. 4th

17  419, 428, 98 Cal. Rptr. 2d 144 (2000) (citation omitted). "To prove actionable

18  intrusion, the plaintiff must show the defendant penetrated some zone of physical or

19  sensory privacy surrounding, or obtained unwanted access to data about, the

20  plaintiff. . . . [and that] the plaintiff had an objectively reasonable expectation of

21  seclusion or solitude in the place, conversation or data source." *Shulman v. Grp. W*

22  *Prods.*, Inc., 18 Cal. 4th 200, 232, 955 P.2d 469 (1998), *as modified on denial of*

23  *reh'g* (July 29, 1998) (citations omitted).  The intrusion must be "in a manner highly

24  offensive to a reasonable person." *Id.*  California courts recognize that "[w]hen one

25  accepts credit, the debtor impliedly consents for the creditor to take reasonable steps

26  to pursue payment even though it may result in actual, though not actionable,

27  invasion of privacy." *Bundren v. Superior Court*, 145 Cal. App. 3d 784, 789, 193

28  Cal. Rptr. 671 (Ct. App. 1983).  "The presence or absence of a legally recognized

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

7

SM01DOCS\1053851.8

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

1   privacy interest is a question of law for the court to decide." *Sheehan v. San*

2   *Francisco 49ers, LTD*., 62 Cal. Rptr. 3d 803, 807 (2007).

3        Plaintiff fails to plead conduct that amounts to a serious invasion of any

4   protected privacy interest in a manner that would be highly offensive to a reasonable

5   person.  A lender calling a debtor on the telephone in connection with her debt is

6   insufficient to state a claim for invasion of privacy.  In *Smith v. Capital One*

7   *Financial Corp*., 2012 WL 1669347, *4 (N.D. Cal. May 11, 2012) (citation

8   omitted), the court held that "the allegations that [the defendants] merely called or

9   attempted to call plaintiff numerous times in connection with her debt do not state a

10  claim for invasion of privacy" where the defendants allegedly contacted the plaintiff

11  "128 separate times," even after being asked to cease all verbal communications.

12  *See also Castellanos v. JPMorgan Chase & Co*., 2009 WL 1833981, *10 (S.D. Cal.

13  June 23, 2009) ("Allegations of a lender calling a debtor concerning a home equity

14  loan extended to the debtor. . . without more is not enough to state a claim for

15  invasion of privacy above a speculative level.").

16       Similarly, here, the allegations indicate, at most, that BANA allegedly

17  contacted Plaintiff, on her telephone, regarding her loans with BANA.  Complaint, ¶

18  11.  In addition, Plaintiff alleges that she had a reasonable expectation of privacy in

19  her "private financial information" [Complaint, ¶ 25] and that BANA's alleged

20  "false credit reporting naturally resulted in invasion [sic] of privacy."  Complaint, ¶

21  28.  However, under *Smith* and *Castellanos*, this is insufficient to state a claim for

22  invasion of privacy.  BANA calling Plaintiff to inquire about her loan is insufficient

23  to state a claim, even if the calls occurred on numerous occasions as alleged.

24  Complaint, ¶ 11.

25       Thus, Plaintiff fails to state a claim for invasion of privacy and her claim

26  should be dismissed.

27

28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**2.    Plaintiff Fails To State A Claim For Libel Because She Fails To Establish Malice And Any Communications Between BANA And Credit Reporting Agencies Are Subject To The Common Interest Privilege.**

**a.    Plaintiff Fails To Establish Malice As Required To Overcome Preemption.**

The FCRA preempts Plaintiff's cause of action for libel and the limited exception under the FCRA for actions involving malice or willful intent to injure is inapplicable here.

Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45. "The elements are (1) an intentional publication, (2) which is false, (3) defamatory, and (4) unprivileged, and (5) which has natural tendency to injure or that causes special damage." *Woods*, 628 F. Supp. 2d at 1187 (citing *Smith v. Maldonado*, 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999).). However, "[t]he FCRA preempts certain state law defamation actions." *Pham v. Bank of Am., N.A.*, 2010 WL 3184263, *5 (N.D. Cal. Aug. 11, 2010) (dismissing libel claim where plaintiff alleged that Bank of America "acted 'willfully' and 'with actual malice and/or reckless disregard for the consequences of their actions,'" when inaccurately reporting to CRAs that plaintiff was delinquent on his loan because plaintiff "provide[d] no facts to support these general and conclusory statements"). To state a claim for libel in connection with credit reporting, a plaintiff "must prove, in addition to the common law elements of libel, that the information was 'false' and 'furnished with malice or willful intent to injure.'" *Gorman*, 584 F.3d at 1168 (citing 15 U.S.C.A. § 1681h(e).). "[U]nless a plaintiff alleges that a defendant acted with 'malice or willful intent to injure,' a state law defamation. . . claim based on

9

credit reporting activities is expressly preempted by the FCRA." *Id*; *see also Woods*, 628 F. Supp. 2d at 1182. "Malice in defamation cases means actual or express malice, including a state of mind arising from hatred or ill will toward the plaintiff, or the state of mind demonstrated by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Id.* at 1188-89 (citations omitted).

While the FCRA permits causes of action for libel if a plaintiff establishes malice or willful intent to injure, that exception is unavailing here. Plaintiff fails to provide any facts to support a reasonable inference of malice to overcome the preemption of her defamation claim. Plaintiff attempts to overcome preemption by alleging, in conclusory fashion, that BANA "acted with malice, willfully, and desire to harm [Plaintiff] and/or knowledge that their action would harm [Plaintiff]." This conclusory statement, unsupported by facts, is not enough to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

Therefore, Plaintiff's cause of action for libel is preempted by the FCRA and should be dismissed.

**b.   <u>Communications Between BANA and Credit Reporting Agencies Are Subject To The Common Interest Privilege.</u>**

In addition, Plaintiff's claim for libel in connection with information allegedly reported by BANA to CRAs is exempt from liability under the common interest privilege.

Setting forth the common interest privilege, Civil Code section 47(c) provides: "[i]n a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Cal. Civ. Code § 47(c). "The litigation privilege is 'given

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  expansive application by California courts,' and 'has been extended to any
2  communication, whether or not it is a publication, and to all torts other than
3  malicious prosecution.'"  *Duenas v. Ocwen Loan Servicing, LLC*, 2014 WL
4  4627203, *5 (E.D. Cal. Sept. 16, 2014) (citing *Edwards v. Centex Real Estate Corp.*,
5  53 Cal.App.4th 15, 29, 61 Cal.Rptr.2d 518 (2007).).  "[F]or purposes of the
6  qualified privilege, 'malice is defined as actual malice, meaning 'that the publication
7  was motivated by hatred or ill will towards the plaintiff or by a showing that the
8  defendant lacked reasonable grounds for belief in the truth of the publication and
9  therefore acted in reckless disregard of the plaintiff's rights.'"  *Id.* (citations
10 omitted).  "[D]efendant bears the initial burden of demonstrating that the allegedly
11 defamatory communication was made upon a privileged occasion, and the plaintiff
12 then bears the burden of proving that the defendant made the statement with
13 malice."  *Woods*, 628 F. Supp. 2d at 1188 (citing *Lundquist v. Reusser*, 7 Cal.4th
14 1193, 1208, 31 Cal.Rptr.2d 776, 875 P.2d 1279 (1994).).  "[W]here the statement
15 was made upon a privileged occasion, no malice is presumed, and in order to state a
16 cause of action, the pleading must contain affirmative allegations of malice in fact."
17 *Id.*

18      Here, the common interest privilege is apparent from the face of Plaintiff's
19 complaint.  It is not disputed that BANA and the CRAs have an interest in and
20 regularly communicate regarding the loans of consumers.  Plaintiff even
21 acknowledges this, alleging that BANA "regularly and in the course of business,
22 furnishes information to one or more consumer reporting agencies about its
23 transactions or experiences with any consumer."  Complaint, ¶ 19.  Moreover, as
24 discussed above, Plaintiff's conclusory allegation of malice must be disregarded.
25 *See* Complaint, ¶ 37.

26      Therefore, Plaintiff's libel claim fails and should be dismissed.

27
28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

### 3.     Plaintiff Fails To State A Claim For Negligent Infliction of Emotional Distress.

A plaintiff cannot recover for an emotional distress claim arising from credit disputes or alleged inaccurate reporting of credit information. *See Davis*, 2002 WL 32713429 at *4 (granting motion to dismiss where plaintiff failed to present "authority indicating that alleged negligence in resolving credit disputes or reporting credit information supports a claim for negligent infliction of emotional distress"). "California narrowly limit[s] a claim of negligent infliction of emotional distress" and "generally authorizes emotional distress damages only in cases of physical injury." *Id.* at *3 (citing *Branch v. Homefed Bank*, 6 Cal.App.4th 793, 800, 8 Cal.Rptr.2d 182 (1992)). *See also id.* at *4 (noting that because California law does not provide for recovery, amendment is "futile").

Thus, Plaintiff fails to state a claim for negligent infliction of emotional distress as a matter of law. Plaintiff alleges that BANA "knew, or should have known, that [its] failure to exercise due care in attempting to collect a non-existent debt, and to report the non-existent debt to third parties would cause plaintiff severe emotional distress." Complaint, ¶ 47. Plaintiff further alleges that she suffered "humiliation, frustration, sleeplessness and anxiety." Complaint, ¶ 50. The basis of Plaintiff's claim—inaccurate reporting of a delinquent account to CRAs—is not grounds for emotional distress damages under California law. In addition, Plaintiff fails to establish any physical injury to warrant emotional distress damages.

Therefore, the Court should dismiss Plaintiff's claim for negligent infliction of emotional distress.

### 4.     Plaintiff's Conclusory Allegations Fail To State A Claim For Intentional Infliction of Emotional Distress.

The conclusory allegations contained in the complaint fail to allege facts to state a claim against BANA for intentional infliction of emotional distress.

The elements for a claim of intentional infliction of emotional distress are:

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

"(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Ess v. Eskaton Properties, Inc*., 97 Cal. App. 4th 120, 129, 118 Cal. Rptr. 2d 240 (2002). "The conduct must be of a nature that is especially calculated to cause mental distress of a very serious kind." *Id*. at 130. "[M]ere insults, without more, are insufficient as a matter of law to allege a claim of intentional infliction of emotional distress." *Davis*, 2002 WL 32713429, at *17 (citations omitted).

Plaintiff fails to satisfy the requisite elements of a claim for intentional infliction of emotional distress. Even assuming that BANA's agent or agents were rude or insulted Plaintiff [*See* Complaint, ¶ 11], such insults are insufficient to state a claim for intentional infliction of emotional distress. *See Davis*, 2002 WL 32713429, at *17.

Plaintiff also baldly asserts that BANA engaged in the alleged misconduct "willfully, maliciously, outrageously, deliberately, and purposely." Complaint, ¶ 50. Plaintiff further offers the unsupported allegation that "[a]s a direct and proximate result of Defendants' acts or omissions, Plaintiff was harmed." Complaint, ¶ 52. Again, these conclusory statements, unsupported by facts, are not enough to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Plaintiff fails to establish any extreme or outrageous conduct by BANA with the intent to cause Plaintiff emotional distress, or that such extreme or outrageous conduct was the actual and proximate cause of any emotional distress suffered by Plaintiff.

Therefore, the Court should dismiss Plaintiff's fifth cause of action for intentional infliction of emotional distress.

### 5. Plaintiff's Negligence Claim Fails Because BANA Does Not Owe Plaintiff A Duty.

As a financial institution acting within its conventional lending role, BANA

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   does not owe a duty to Plaintiff.  Accordingly, Plaintiff's negligence claim fails and

2   should be dismissed.

3     "The elements of a cause of action for negligence are (1) a legal duty to use

4   reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between

5   the breach and (4) the plaintiff's injury." *Phillips v. TLC Plumbing, Inc*., 172 Cal.

6   App. 4th 1133, 1139, 91 Cal. Rptr. 3d 864, 868 (2009) (citation omitted).  "The

7   existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to

8   establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231

9   Cal. App. 3d 1089, 1095 (1991).  "The existence of a legal duty to use reasonable

10  care in a particular factual situation is a question of law for the court to decide. . . .

11  [and] causation may be a question of law if on undisputed facts there can be no

12  reasonable difference of opinion on causal nexus." *Id*. (citations omitted).  "[A]s a

13  general rule, a financial institution owes no duty of care to a borrower when the

14  institution's involvement in the loan transaction does not exceed the scope of its

15  conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096.

16  Moreover, a lender does not owe a duty of care unless it "actively participates in the

17  financed enterprise beyond the domain of the usual money lender." *Wagner v.*

18  *Benson,* 101 Cal. App. 3d 27, 35 (1980) (internal citation omitted).  In addition, loan

19  servicers and beneficiaries generally do not owe a duty of care to borrowers.

20  *Castaneda v. Saxon Mortgage Servs., Inc.,* 687 F. Supp. 2d 1191, 1198 (2009);

21  *Hardy v. Indymac Federal Bank*, 263 F.R.D. 586, 593-94 (2009).  "Parties to a

22  contractual relationship, such as a mortgagor and mortgagee, cannot bring a tort

23  claim for negligence unless a legal duty independent of the contract itself has been

24  violated." *Tsien v. Wells Fargo Home Mortgage*, 2010 WL 2198290, *4 (N.D. Cal.

25  May 28, 2010) (internal citation and quotation omitted).

26    Here, Plaintiff cannot state a claim for negligence because BANA is a

27  financial institution acting within its conventional lending role and, therefore,

28  Plaintiff cannot establish that BANA owed her a duty of care.  Plaintiff mistakenly

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\1053851.8

14

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

1  alleges that BANA "owed a duty to plaintiff not to harm him [sic] by falsely

2  reporting the status of a debt to third parties or attempt [sic] to collect a non-existent

3  debt." Complaint, ¶ 54. However, Plaintiff does not and cannot set forth facts to

4  suggest that BANA acted outside of its conventional lending role in such a way to

5  impose a duty of care. The alleged facts show that plaintiff has two loans with

6  BANA and BANA serviced the loans. Complaint, ¶ 6. These acts are well within

7  BANA's conventional lending role and Plaintiff does not present facts or case law to

8  suggest otherwise. Moreover, even assuming, *arguendo*, that BANA somehow

9  owed Plaintiff a duty of care, Plaintiff fails to allege any facts evidencing a breach

10  of that duty, causation, or damages needed to satisfy the other elements of a

11  negligence claim.

12       Accordingly, Plaintiff's claim for negligence should be dismissed.

13       **6.**    **The complaint lacks factual and legal support for a claim of**

14       **negligent hiring, retention, and supervision against BANA.**

15       Plaintiff fails to sate a claim for negligent hiring, retention, and supervision.

16       "An employer may be liable to a third person for the employer's negligence in

17  hiring or retaining an employee who is incompetent or unfit." *Phillips v. TLC*

18  *Plumbing, Inc*., 172 Cal. App. 4th 1133, 1139-40, 91 Cal. Rptr. 3d 864, 868 (2009)

19  (citation omitted). An employer may be liable for negligent hiring if the employer

20  "knew or should have known that hiring the employee created a particular risk or

21  hazard and that particular harm materializes." *Id*. (citing *Doe v. Capital Cities*, 50

22  Cal.App.4th 1038, 1054, 58 Cal. Rptr. 2d 122 (1996).) Pursuant to Restatement

23  Second of Agency section 213, a principle "conducting an activity through servants

24  or other agents is subject to liability for harm resulting from his conduct if he is

25  negligent or reckless. . . in the employment of improper persons or instrumentalities

26  in work involving risk of harm to others." *Id. (internal quotation and citation*

27  *omitted)*. "Liability for negligent ... retention of an employee is one of direct liability

28  for negligence, not vicarious liability." *Phillips v. TLC Plumbing, Inc*., 172 Cal.

Br yan Cave LLP
120 Br oadway, Suite 300
Sant a Monica, Cal if or nia 90401-2386

App. 4th 1133, 1139-40, 91 Cal. Rptr. 3d 864, 868 (2009) (citations omitted).  "The principal may be negligent because he has reason to know that the. . . agent, because of his qualities, is likely to harm others. . . ."  *Id*. at 1140.  The employer is liable if "the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment" of that employee.  *Id*.

The complaint baldy alleges that BANA "negligently hired, trained, and/or supervised its employees that interacted with plaintiff in connection with her loans."  Complaint, ¶ 58.  This is insufficient.  *See Iqbal*, 556 U.S. at 678.  Plaintiff fails to demonstrate that BANA knew or should have known that its employees posed a particular risk to Plaintiff and that the particular risk actually materialized.  Plaintiff fails to demonstrate how any of BANA's employees are incompetent or unfit.  Moreover, Plaintiff fails to establish that she suffered any harm caused by any of the unidentified employees of BANA.

Therefore, Plaintiff fails to state a claim for negligent hiring, retention, and supervision.

### 7.  Plaintiff Fails To State A Claim For Breach of The Covenant of Good Faith And Fair Dealing.

The Court should dismiss Plaintiff's cause of action for breach of the covenant of good faith and fair dealing for failure to state a claim.

"In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct."  *Duenas*, 2014 WL 4627203 at *8 (citing *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 968 (N.D. Cal. 2010) (citing Judicial Council of California Civil Jury Instruction 325).).  "[U]nder traditional contract principles, the implied covenant of good faith is read

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\1053851.8

16

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." *Berger v. Home Depot U.S.A., Inc.*, 476 F. Supp. 2d 1174, 1177 (2007) (internal quotations omitted).  "The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004).  "Further, the Ninth Circuit has determined 'no cause of action for the tortuous breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.''" *Duenas*, 2014 WL 4627203 at *8 (citing *Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) (quoting *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal.App.3d 726, 730, 260 Cal. Rptr. 793 (1989).).  "Importantly, to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." *Id.* (citing *Plastino v. Wells Fargo Bank*, 873 F.Supp.2d 1179, 1191 (N.D. Cal. 2012).).

Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing.  The Complaint does not identify any specific contractual provision that was allegedly frustrated by BANA.  Plaintiff does not dispute that she received the two loans or point to any benefit conferred on Plaintiff by the terms of either deed of trust that has not been received.  Plaintiff alleges that BANA "unfairly interfered with Plaintiff's right to receive benefits of Plaintiff's timely payments by intentionally and/or recklessly reporting a negative credit report of default on a loan that was dormant."  Complaint, ¶ 63.  Plaintiff also alleges that BANA interfered with these "benefits. . . by disturbing her peace of mind in her home through invasive telephone calls."  Complaint, ¶ 65.  Yet, these allegations fail to identify any express terms of any contract between BANA and Plaintiff which were allegedly breached or frustrated by BANA and any alleged benefits with regard to

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, Cal if or nia  90401-2386

SM01DOCS\1053851.8

17

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

1   Plaintiff's "peace of mind in her home" are not provided for in the deeds of trust.

2   *See* RJN Exhibits A and B.

3       Therefore, the Court should dismiss Plaintiff's cause of action for breach of

4   the covenant of good faith and fair dealing for failure to state a claim.

5       **D.    Plaintiff Lacks Standing To Bring A Claim Under Civil Code**

6           **Section 1785.1.**

7       Plaintiff's claim under the Consumer Credit Reporting Agencies Act

8   ("CCRAA"), Cal. Civ. Code § 1785.1 *et seq*., fails as a matter of law.

9       The purpose of Civil Code section 1785.1 *et seq*. is "to require that consumer

10  credit reporting agencies adopt reasonable procedures for meeting the needs of

11  commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and

12  other information in a manner which is fair and equitable to the consumer, with

13  regard to the confidentiality, accuracy, relevancy, and proper utilization of such

14  information in accordance with the requirements of this title."  Cal. Civ. Code §

15  1785.1(d).  Civil Code section 1785.1 *et. seq*. "does not extend liability to one who

16  furnishes information to a credit reporting agency."  *Pulver v. Avco Fin. Servs*., 182

17  Cal. App. 3d 622, 633, 227 Cal. Rptr. 491 (Ct. App. 1986).  "A private plaintiff

18  cannot bring an action against a furnisher of credit information" under the CCRAA.

19  *Miller*, 858 F. Supp. 2d at 1125 (citations omitted).

20      Here, Plaintiff alleges that BANA "furnishes information to one or more

21  consumer reporting agencies."  Complaint, ¶ 19.  On information and belief,

22  Plaintiff further alleges that BANA "recorded false and misleading information on

23  Plaintiff's credit reports."  Complaint, ¶¶ 40-41.  However, the CCRAA does not

24  extend liability to "one who furnishes information to a credit reporting agency."

25  Therefore, BANA is precluded from liability and Plaintiff's claim fails as a matter

26  of law.

27      As there is no private right of action against furnishers of information under

28  Section 1785.1 *et seq*, Plaintiff's claim should be dismissed with prejudice.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

E.   **Plaintiff's Fair Debt Collection Practices Act Claim Is Time Barred And Plaintiff Fails To State A Claim.**

Plaintiff's claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") is barred by the statute of limitations.

"The statute of limitations on a FDCPA violation is one year from the date the alleged violation occurred." *Nelson,* 522 F. Supp. 2d at 1232 (citing 15 U.S.C. § 1692k(d)).

Plaintiff failed to bring her claim within the applicable one-year statute of limitations. Plaintiff alleges that "[o]n or about April of 2013. . . Cashcall informed [Plaintiff] that [BANA] had made a derogatory report regarding Loan 2 to the credit reporting agencies." Complaint, ¶ 9. Therefore, the one year statute of limitations expired on or about April of 2014. However, Plaintiff did not file the instant action until July 14, 2014, several months after the statute of limitations had run. Thus, Plaintiff's claim should be dismissed with prejudice.

In addition, Plaintiff cannot state a claim under the FDCPA. "To state a claim for violation of the Fair Debt Collection Practices Act, a plaintiff must allege. . . that the defendant collecting the 'debt' is a 'debt collector.'" *Uyeda v. J.A. Cambece Law Office, P.C.*, 2005 WL 1168421, *3 (N.D. Cal. May 16, 2005). However, under the FDCPA, a "residential mortgage loan does not qualify as a 'debt' under the statute." *Castaneda*, 687 F. Supp. 2d at 1197 (granting defendants' motion to dismiss because "residential mortgage loans [do] not fall within the RFDCPA") (citations omitted). "Plaintiff. . . fails to state a claim under the Rosenthal Act because a residential mortgage loan does not qualify as a 'debt' under the statute." *Pittman v. Barclays Capital Real Estate, Inc.*, 2009 WL 1108889, *3 (S.D. Cal. Apr. 24, 2009) (granting defendant's motion to dismiss). Moreover, "[m]ortgage companies collecting debts are not 'debt collectors.'" *Ines v. Countrywide Home Loans, Inc.*, 2008 WL 4791863, *2 (S.D. Cal. Nov. 3, 2008) (citations omitted). As Plaintiff's claim is premised on her residential mortgage loan with BANA, Plaintiff

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  cannot state a claim under the FDCPA and the court should dismiss her claim.

2       Therefore, Plaintiff's claim under the FDCPA fails as a matter of law and

3  should be dismissed with prejudice.

4  **V.    PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES FAILS.**

5       Plaintiff's claim for punitive damages is unwarranted.  Complaint, Prayer, ¶ 2.

6       "The mere allegation an intentional tort was committed is not sufficient to

7  warrant an award of punitive damages. . . . Not only must there be circumstances of

8  oppression, fraud or malice, but facts must be alleged in the pleading to support such

9  a claim." *Grieves v. Superior Court*, 157 Cal. App. 3d 159, 166, 203 Cal. Rptr. 556

10  (1984).  Furthermore, the "conclusory characterization of defendant's conduct as

11  intentional, willful and fraudulent is a patently insufficient statement of 'oppression,

12  fraud, or malice." *Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1042, 13 Cal.

13  Rptr. 2d 133 (1992).  In addition, to recover punitive damages from a corporation, a

14  plaintiff must also allege that an officer, director, or managing agent of the

15  corporation had advanced knowledge of the unfitness of one or more of its employees

16  and with conscious disregard to the rights of others, authorized, or ratified the

17  employee's wrongdoing.  Cal. Civ. Code § 3294(b).

18       As discussed above, the Complaint is devoid of any plausible factual

19  allegations showing that BANA acted with malice, oppression, or fraud.  Plaintiff

20  fails to allege with specificity any acts showing that BANA acted wrongfully at the

21  level required for punitive damages, nor has Plaintiff alleged that an officer, director,

22  or managing agent of the corporation had advance knowledge of the unfitness of one

23  or more of its employees and with conscious disregard to the rights of others,

24  authorized, or ratified the employee's wrongdoing.  Plaintiff merely asserts that

25  BANA "acted with malice, willfully, and desire to harm [Plaintiff] and/or knowledge

26  that their action would harm [Plaintiff]."  Complaint, ¶ 21.  Such bald allegations do

27  not entitle Plaintiff to recovery of punitive damages and such "[t]hreadbare recitals. . .

28  supported by mere conclusory statements, do not suffice" to overcome a motion to

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    dismiss.  *Iqbal*, 556 U.S. at 678.

2           Thus, Plaintiff's request for punitive damages should be dismissed.

3    **VI.    PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES FAILS.**

4           Likewise, Plaintiff's request for attorneys' fees should be dismissed.

5    Complaint, Prayer, ¶ 3.  Under California law, a party cannot recover attorneys' fees

6    unless provided for by statute or agreement.  Cal. Civ. Proc. § 1021.  Here, neither a

7    statute nor agreement provides Plaintiff with the attorneys' fees that she seeks.

8    Therefore, Plaintiff's request for attorneys' fees should be dismissed.

9    **VII.   THE COURT SHOULD DISMISS THE COMPLAINT WITH**

10          **PREJUDICE BECAUSE LEAVE TO AMEND WOULD BE FUTILE.**

11          Finally, a court may dismiss claims without granting leave to amend if

12   amending the complaint would be futile.  *See Vasquez v. Los Angeles Cnty.*, 487

13   F.3d 1246, 1258 (9th Cir. 2007) ("Granting Vasquez leave to amend would have

14   been futile, and we hold that the district court did not err in preventing such

15   futility.").  In addition, "[a] plaintiff may not seek leave to amend to cure

16   deficiencies in the complaint when he cannot state a claim for relief without

17   contradicting the allegations made in the original complaint."  *Davis*, 2002 WL

18   32713429 at *8 (citations omitted).

19          The Court should dismiss Plaintiff's Complaint with prejudice because

20   amendment would be futile.  As discussed above, Plaintiff lacks standing to bring a

21   claim under the FCRA because providing notice to BANA of a dispute regarding

22   her credit report is insufficient to impose a duty on BANA to investigate.  Moreover,

23   Plaintiff cannot seek to amend the FCRA claim because any new allegations that

24   Plaintiff may seek to provide regarding Plaintiff's adherence to the statutory

25   requirements of contacting the CRAs and the CRAs contacting BANA regarding the

26   disputed information are contradicted by the Complaint's repeated allegations that

27   Plaintiff contacted BANA directly to correct the alleged inaccurate information.  *See*

28   Complaint, ¶¶ 11-14.  In addition, preemption by the FCRA renders amendment to

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

21

1   Plaintiff's common law claims for invasion of privacy; libel; negligent infliction of

2   emotional distress; intentional infliction of emotional distress; negligence; negligent

3   hiring, retention, and supervision; and breach of the covenant of good faith and fair

4   dealing futile.  *See Miller*, 858 F. Supp. 2d at 1127 ("[B]ecause Plaintiff's

5   negligence claim is preempted, amendment would be futile and this cause of action

6   is dismissed with prejudice.").  Moreover, granting leave to amend Plaintiff's claim

7   under the CCRAA is futile because Plaintiff lacks standing as a matter of law.

8   Furthermore, amendment to Plaintiff's claim under the FDCPA is futile because, on

9   its face, the claim is barred by the statute of limitations.

10          Thus, the Court should dismiss the complaint, in its entirety, with prejudice.

11  **VIII.   <u>CONCLUSION.</u>**

12          For the reasons set forth above, BANA respectfully requests the Court to

13  grant the Motion to Dismiss, without leave to amend, and dismiss Plaintiff's

14  complaint with prejudice.

15

16  Dated: September 26, 2014                **BRYAN CAVE LLP**

17                                           By:   */s/ Nancy Franco*

18                                                 Nancy Franco
                                                   Attorneys for Defendant
19                                                 Bank of America, N.A.

20

21

22

23

24

25

26

27

28

Br yan Cave LLP
120 Br oadway, Suite 300
Sant a Monica, Cal if or nia  90401-2386

SM01DOCS\1053851.8

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On September 26, 2014, I served the following document in the within action as follows, described as: **BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested party(ies) in this action, as follows:

☒   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 18, 2014 I checked the CM/ECF docket for this adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Law Offices of Akudinobi & Ikonte          *Attorneys For Plaintiff*
3540 Wilshire Blvd., Suite 850
Los Angeles, CA 90010
Emmanuel C. Akudinobi
epcakudinobi@yahoo.com
Chijioke O Ikonte
cikonte@yahoo.com

Law Offices of Michael Hailu & Associates          *Attorneys For Plaintiff*
3540 Wilshire Blvd., Suite 1203
Los Angeles, CA 90010
Michael Hailu
hailumichael@hotmail.com

☒   **(FEDERAL ONLY)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 26, 2014, at Santa Monica, California.

*/s/ Raul Morales*
Raul Morales

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386